BARDEN v. PUGH.

(Filed October 1, 1901.)

APPEAL—*Notice of Appeal—Judgment—Trial.*

> Where an action is brought on a note by the payee to the use of an assignee of the payee, and judgment is rendered for the assignee, notice of appeal must be served on the assignee.

ACTION by W. E. Barden, to the use of Annie O. Smith, wife of R. B. Smith, and her husband, R. B. Smith, against W. J. Pugh, administrator of J. E. Barden, heard by Judge *Fred. Moore* and a jury, at October Term, 1900, of the Superior Court of SAMPSON County. From a judgment for Annie O. Smith, the defendant appealed.

*T. B. Womack* and *E. C. Smith,* for the plaintiffs.
*J. L. Stewart* and *J. D. Kerr,* for the defendant.

MONTGOMERY, J.    The summons was issued in the style of W. E. Barden, to the use of Nannie Smith and her husband, R. B. Smith, against W. J. Pugh, administrator of J. E. Barden, deceased, and there was inserted a notice, that if the defendant failed to answer the complaint within the time required by law, the plaintiff, Mrs. Nannie O. Smith, would apply to the Court for the relief demanded in the complaint. The complaint was entitled, as to the parties, in conformity to the summons; but in the complaint the cause of action was alleged to be entirely in favor of Mrs. Smith, and judgment for the amount of the note declared on in the complaint was demanded in her name and for her benefit.

The defendant, not demurring to the complaint for the irregularity in the manner in which the suit was brought, an-

swered the allegations, which alleged the ownership of the note (the subject of the action), in Mrs. Smith, and also set up a counter-claim against W. E. Barden. The counter-claim was denied by replication. An issue was submitted to the jury, without exception, by the defendant, as to whether the note was the property of Mrs. Smith, and the same was answered in the affirmative. The jury also found that the whole amount was due on the note, less the two endorsed credits; that it was not barred by the statute of limitations, and not executed in fraud. A judgment was rendered upon the verdict of the jury in favor of Mrs. Smith in her own name, and for the amount due on the note and costs. The verdict was delivered and the judgment rendered on the night of October 19 (Friday), 1900, the last day of the term of Court. No appeal was taken from the judgment, and no notice of appeal was given at the term at which the action was tried. After the term of the Court had expired, the defendant caused to be entered the following words on the judgment docket: "From this judgment the defendant takes an appeal to the Supreme Court, and causes said appeal to be docketed here this October 25, 1900, and also files with the Clerk of this Court a statement of the case on appeal." On the 26th of the same month, the defendant caused a notice of appeal, addressed to the plaintiffs, to be served on W. E. Barden, and on the same day a statement of the case on appeal was served on Barden. No notice of appeal, nor any statement of a case on appeal was ever served upon Mrs. Smith.

Upon these facts being found by his Honor, who tried the case, the matter of the appeal being afterwards heard by his Honor, counsel for both parties being present, he made an order as follows: "The Court being of the opinion that the defendant has appealed from the judgment only in so far as the same affects the rights of W. E. Barden, but is entitled to have a case on appeal settled as to the plaintiff, W. E. Bar-

den, overrules the objections of counsel for the plaintiffs to the settlement of case on appeal as to the plaintiff, W. E. Barden, and sustains said objection as to the plaintiffs, Nannie O. Smith and R. B. Smith, her husband."

From the summons and the pleadings and the evidence in the case, it is perfectly clear that the defendant was not misled as to who was the true party plaintiff. The subject of the action was a note executed by the intestate of the defendant to W. E. Barden, and which note had been assigned and transferred to Mrs. Smith. Why the action should have been commenced in the name of Barden to the use of Mrs. Smith in the face of section 177 of The Code, we do not understand; but it was not demurred to by the defendant, and he made his defence against the collection of the note as if Mrs. Smith was the sole and absolute owner of the same.

As we have said, the verdict was in favor of Mrs. Smith on an issue as to whether she was the owner of the note, and the judgment was in her name—the name of W. E. Barden not appearing in it.

To make the notice of appeal effectual as to Mrs. Smith, of course the notice should have been served on her, and that not having been done, there was no error in the ruling of his Honor on that point. But we think his Honor was in error in holding that the notices which were served on W. E. Barden constituted an appeal. Nothing was embraced in the judgment which gave any benefit or advantage to W. E. Barden; in fact, as we have said, his name did not appear in the judgment, nor was any right of the defendant affected, so far as W. E. Barden was concerned. Nothing appears in the record as to what became of the counter-claim set up by the defendant against W. E. Barden. No instructions were given by the Court, nor were any asked by the defendant on that part of the case; and there is no evidence concerning the same in the statement of the case on appeal. There was nothing

in the judgment from which the defendant ever had any right of appeal, so far as W. E. Barden was concerned, and he did not serve any notice of appeal on Mrs. Smith, who made the recovery on the note against him, so that it is unnecessary to consider the questions raised in the case which his Honor made up.

Appeal dismissed.